No. 3157

Second Circuit

STUYVESANT INSURANCE CO. ET AL. v. KILPATRICK ET AL.

(November 8; 1928. Opinion and Decree.)

L. Percy Garrot, of Shreveport, attorney for defendant, appellant, Christ Memtsas.

Robert L. Garrett, of Shreveport, attorney for defendant, appellee, Hotel Supply & Store Fixtures Company, Inc.

WEBB, J. The plaintiffs, Stuyvesant Insurance Company and General Fire Insurance Company, issued fire insurance policies in favor of Al. Kilpatrick, covering certain movable property owned by him and located in a restaurant which was damaged by fire.

An adjustment of the loss sustained was made with the insured, Al. Kilpatrick, in which liability of the Stuyvesant Insurance Company was fixed at $420.52 and that of the General Fire Insurance Company was fixed at $604.62.

Kilpatrick, at the time of the fire, was indebted to various parties, among whom was the Hotel Supply & Store Fixtures Company, Inc., which was at the time in the hands of a receiver, Baker Supply & Equipment Company, Christ Memtsas, and others; and following the adjustment with the insurance companies Kilpatrick, by authentic act, acknowledged that the Hotel Supply & Store Fixtures Company, Inc., held eight notes against him for $864.00 on which a balance of $745.00 was due and unpaid, and also two notes amounting to $54.00, and made an assignment of the amounts due by the insurance companies to the Hotel Supply & Store Fixtures Company, Inc., to an amount sufficient to pay its claim.

Notice of the assignment was given to the insurance companies, plaintiffs herein, and demands having been made by other creditors of Kilpatrick on the insurance companies for payment of their claim out of the funds due under the adjustment to Kilpatrick, the insurance companies filed the present proceedings, in which they allege that an adjustment had been made, as above set forth, and that the various claimants, creditors of Kilpatrick, being unable to agree as to the amount which each was entitled to receive from the funds due by them to Kilpatrick, they prayed for and obtained an order permitting them to deposit the amounts due under the adjustment in the registry of the court, and impleaded the various claimants and Kilpatrick, in order that it might be determined what proportion of the funds should be paid to the various claimants on their debts.

Answers were filed by the Hotel Supply & Store Fixtures Company, Inc., Baker Supply & Equipment Company, and Christ Memtsas; the Hotel Supply & Store Fixtures Company, Inc., setting up the indebtedness acknowledged by Kilpatrick, as above, and the assignment made by Kilpatrick in payment of same, and praying that the assignment be recognized and enforced and that it be paid the amount due it out of the funds; while the Baker Supply & Equipment Company and Christ Memtsas set up claims against Kilpatrick amounting to two hundred eighteen and 42-100 dollars and seven hundred dollars, respectively, each praying that their claims be recognized and paid by preference out of the funds deposited.

On trial judgment was rendered in favor of the Hotel Supply & Store Fixtures Company, Inc., for the full amount claimed by it, with interest, which was ordered to be paid by preference and priority out of the funds deposited in the registry of the court and recognizing the Baker Supply & Equipment Company and Christ Memtsas as creditors for the respective amounts claimed by them, and ordered the balance of the funds deposited in court, after payment of the claim of the Hotel Supply &

Store Fixtures Company, Inc., to be prorated to them.

The proceedings taken in this matter appear to be without precedent. However, it clearly appears that all parties had consented to the method of procedure and, on trial, urged that it should be considered as in the nature of a concursus, and, with the exception of Memtsas, all acquiesced in the decree distributing the funds deposited in the registry of the court, and the only objection urged by the appellant, Memtsas, as to the distribution of the funds, in its last analysis appears to be based upon the theory that Kilpatrick was insolvent, and that the assignment made to the Hotel Supply & Store Fixtures Company, Inc., was fraudulent.

There was not any suggestion in the pleadings that Kilpatrick was insolvent, and we do not find in the record any direct proof of insolvency, or where any evidence was offered to prove insolvency, and therefore we do not think the question of the validity of the mortgage given by Kilpatrick to secure the indebtedness of the Hotel Supply & Store Fixtures Company, Inc., which was sought to be raised by Memtsas on trial was relevant, and for the same reason that Memtsas did not have any right to question the validity of the claim acknowledged by Kilpatrick to be due the Hotel Supply & Store Fixtures Company, Inc.

As previously stated, the proceedings taken were novel, but the parties cited did not make any complaint, and we do not think that under the pleadings and the evidence we are at liberty to consider the matter as analogous to bankruptcy proceedings, or a surrender for the benefit of creditors, and considering only the objections raised by the appellant, we do not find that there was any error in the judgment, and it is affirmed at appellant's cost.